UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 7

Darlene J. Howell,                                  Case No. 17-55577

       Debtor.                                      Hon. Phillip J. Shefferly
_____/

### ORDER DENYING JOINT EX PARTE MOTION TO REOPEN CASE TO SET ASIDE DISCHARGE TO ALLOW FILING OF REAFFIRMATION AGREEMENT

On November 8, 2017, the Debtor filed this Chapter 7 case. The Court issued the Debtor a discharge on February 13, 2018 and the case was closed on February 17, 2018.

On February 21, 2018, the Debtor and Acar Leasing, Ltd., d/b/a GM Financial ("Creditor") filed a joint ex parte motion (ECF No. 15) ("Motion"). The Motion requests the Court to reopen this case, set aside the Debtor's discharge, and allow the Debtor and the Creditor to file a reaffirmation agreement. The Motion states that at the time she filed her Chapter 7 bankruptcy case, the Debtor was leasing a 2017 Buick Encore from the Creditor under a 36 month lease that runs until August, 2020. The Motion explains that because the Debtor needs the 2017 Buick Encore for transportation, she signed a reaffirmation agreement on

February 8, 2018. The Motion states that the reaffirmation agreement was not signed by the Creditor until February 13, 2018, "shortly after the discharge was entered." The Motion states that it is brought under Fed. R. Bankr. P. 4008(a), Fed. R. Bankr. P. 5010, and Local Bankruptcy Rules 4008 and 5010-1.

Federal Rule of Bankruptcy Procedure 4008(a) states that a reaffirmation agreement shall be filed no later than 60 days after the date for the first meeting of creditors. In this case the first meeting of creditors was held on December 13, 2017. Sixty days after the first meeting of creditors was February 11, 2018. The Debtor and the Creditor did not file a reaffirmation agreement by that date. However, Rule 4008(a) also provides that "the court may, at any time and in its discretion, enlarge the time to file a reaffirmation agreement." Therefore, if the Court does reopen the case, Rule 4008(a) authorizes the Court to extend the date for the Debtor and the Creditor to file a reaffirmation agreement.

Federal Rule of Bankruptcy Procedure 5010 states that a case may be reopened on a motion pursuant to § 350(b) of the Bankruptcy Code. Section 350(b) of the Bankruptcy Code provides that a case may be reopened to accord relief to the debtor. Since the Motion seeks relief for the Debtor, the Debtor's reliance on Rule 5010 is correct.

Although the Motion also cites Local Bankruptcy Rules 4008 and 5010-1, the Court need not address those local rules because the Motion correctly cites Rule 4008(a) and Rule 5010 as the procedural authority to bring the Motion.

But while the Motion is properly before the Court as a procedural matter, there are substantive legal issues implicated by the Motion that persuade the Court that this case should not be reopened.

Section 524(c)(1) of the Bankruptcy Code states that a reaffirmation agreement is only enforceable if "such agreement was made before the granting of a discharge." The Motion acknowledges that the reaffirmation agreement between the Debtor and the Creditor for the 2017 Buick Encore was not made before the Debtor's discharge was granted in this case. The Motion attempts to remedy this problem by requesting the Court to set aside the discharge order. The Motion does not allege that there is any defect in the discharge or that it somehow should not have been entered by the Court. The Court knows of no authority and none is cited in the Motion to support the Court simply setting it aside to allow the Debtor and the Creditor to take an action that the law requires to be taken before a discharge is entered. See In re Davis, 273 B.R. 152, 153 (Bankr. S.D. Ohio 2001) (denying motion to reopen for the purpose of filing a reaffirmation agreement made post discharge).

Another issue implicated by the Motion is whether the Debtor and the Creditor need a reaffirmation agreement at all to accomplish their objective. As noted, the lease for the 2017 Buick Encore runs through August, 2020. Under § 365(d)(1) of the Bankruptcy Code, the Chapter 7 trustee was permitted 60 days from the date of the petition in which to assume this lease. Because the trustee did not assume it within those 60 days, the lease for the 2017 Buick Encore is deemed rejected under § 365(d)(1). That means that the bankruptcy estate is no longer bound to the terms of the unexpired lease. But it does not prohibit the Debtor from assuming the unexpired lease. Under § 365(p) of the Bankruptcy Code, once the lease was rejected, the Debtor may notify the Creditor in writing that the Debtor desires to assume the lease. The Motion does not explain why the Debtor and the Creditor have not used or cannot use § 365(p) to accomplish their objective, which is to have the Debtor and the Creditor continue to be bound to the lease.

The Court has no desire to block the Debtor and the Creditor from making an agreement regarding the lease for the 2017 Buick Encore. But there is no relief that the Court may accord to the Debtor if the case is reopened because the discharge has already been entered and no authority has been cited to set it aside. If the Debtor and the Creditor want to continue to be bound by and perform the lease for the 2017 Buick Encore, the proper way to do it is by assumption of the lease under § 365(p), not by setting aside a properly entered discharge to permit the

Debtor and the Creditor to file a reaffirmation agreement that admittedly was not made before the discharge was entered. Accordingly, because the Court finds that there is no basis under § 350(b) to reopen this case,

**IT IS HEREBY ORDERED** that the Motion (ECF No. 15) is denied without prejudice to the rights of the Debtor and the Creditor to have the Debtor assume the lease for the 2017 Buick Encore in accordance with the provisions of § 365(p) of the Bankruptcy Code.

**Signed on March 01, 2018**

/s/ Phillip J. Shefferly

**Phillip J. Shefferly
United States Bankruptcy Judge**